In the Matter of STUART GITTLEMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 16, 1984

APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.* (*Diana L. Maxfield* of counsel), for petitioner.

*Stuart Gittleman,* respondent *pro se.*

**OPINION OF THE COURT**

*Per Curiam.*

The respondent was admitted to practice by this court on May 5, 1976.

The referee sustained, *inter alia,* the following charges of misconduct against respondent: neglecting three different legal matters entrusted to him and failing to return the unearned fees in those matters; failing to advise his client of the status of a case; failing to cooperate with the Grievance Committee in its investigation of complaints, including his failing to appear at a subcommittee hearing and failing to comply with a judicial subpoena of this court; and failing to maintain contact with many of his clients.

Among other allegations which the referee failed to sustain was a portion of charge 8 which asserted that respondent had abandoned his legal practice.

The petitioner has moved to confirm the findings of the referee except as to his failure to sustain the charge of abandonment of respondent's legal practice. Respondent has submitted affirmations requesting that the referee's report be confirmed in part and disaffirmed in part.

After reviewing all of the evidence, we are in agreement with the report of the referee except for his failure to sustain the portion of charge 8 which alleged that respondent abandoned his legal practice. Between July and August, 1982, clients came to respondent's law office and did not find respondent present. During that period of time he did not answer the communications of the clients or of the petitioner Grievance Committee. When respondent's landlord rented the office space to another tenant, this court was forced to appoint an attorney to take possession of respondent's files and inventory them in order to protect the interests of the clients. Under these circumstances, the respondent's failure to communicate with his clients constituted an abandonment of his legal practice.

Respondent is guilty of the misconduct outlined above, including the abandonment of his legal practice. Petitioner's motion to confirm in part and disaffirm in part is granted.

In determining an appropriate measure of discipline to be imposed, we note that respondent has recently returned the retainer fees in two of the matters he neglected, although this was only after the filing of the referee's report. We have also taken into consideration the problems respondent was experiencing at the time of the misconduct. Accordingly, respondent should be, and hereby is, suspended from the practice of law for a period of three years, effective May 15, 1984, and until the further order of this court.

MOLLEN, P. J., LAZER, MANGANO, GIBBONS and BRACKEN, JJ., concur.